# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY JO MILLER**<br>523 Indian Rock Circle<br>Elizabeth, PA 17022<br><br>*Plaintiff,*<br><br>vs.<br><br>**ESBENSHADE, INC.** *d/b/a*<br>**ESBENSHADE FARMS**<br>220 Eby Chiques Road<br>Mount Joy, PA 17552<br><br>-and-<br><br>**CHRIS ESBENSHADE**<br>220 Eby Chiques Road<br>Mount Joy, PA 17552<br><br>*Defendants.* | CIVIL ACTION<br><br>NO. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Mary Jo Miller (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants Esbenshade, Inc. *d/b/a* Esbenshade Farms (*hereinafter* "Defendant Farm") and Chris Esbenshade (*hereinafter* "Defendant Chris Esbenshade") (collectively "Defendants") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), the Age Discrimination in Employment Act ("ADEA" – 29

U.S.C. §§ 621 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff was unlawfully terminated and retaliated against by Defendants because of her race, ethnic, and/or national origin and complaints as well as her age and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.  This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.  Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII and the ADEA.  Plaintiff's PHRA claims however will mirror her federal claims under the Title VII and the ADEA.

2

administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant Esbenshade, Inc. *d/b/a* Esbenshade Farms is a shell-egg producer distributing and selling a wide range of specialty eggs such as (by way of examples only) cage free, Omega 3, organic, free range, and pasteurized and operates through three (3) locations generally: (1) 220 Eby Chiques Road, Mount Joy, PA 17552 (the Mount Joy complex, main office, and Feed Mill location); (2) 2569 Maytown Road, Marietta, PA 17547 (the Maytown complex); and (3) 2036 Mt. Pleasant Road, Mount Joy, PA 17552 (the North complex).

9. Defendant Chris Esbenshade is the President and CEO of Defendant Farms who oversees all operations, hiring/firing, terms and conditions of employee work environments.

10. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a 49-year-old non-Hispanic, Caucasian American citizen.

13. Plaintiff was employed by Defendants as a laborer for almost 30 years, from 1993 until her unlawful termination (discussed further *infra*) on May 2, 2022.

14. Plaintiff also had prior Assistant Manager experience with Defendants.

15. Plaintiff performed her job extremely well for Defendants and worked at least 60-70 hours per week (and was paid bi-weekly) without any history of discipline or performance concerns.

16. Plaintiff was based out of Defendants' Maytown complex location.

17. Plaintiff was supervised by Cheryl Espenshade (*hereinafter* "C. Espenshade") and was indirectly supervised by C. Espenshade's supervisor Duane Leahman (*hereinafter* "Leahman") until Ethan Metzler (*hereinafter* "Metzler") took over his position upon Leahman's retirement.

18. Plaintiff was also generally supervised by CEO and President, Defendant Chris Esbenshade.

19. In the last several years of Plaintiff's employment, Defendants had transitioned nearly its entire manual labor workforce to those of Hispanic ethnicity or race (specifically, those working in the chicken house and processing for Defendants).

20. Most of such Hispanic employees were undocumented noncitizens and/or unauthorized immigrants (and in other words, not authorized to work in the United States).

21. Defendants engaged in such racially targeted hiring directly and by and through a "temp agency" operated by an individual named "Felix" (last name unknown) to surreptitiously conceal the discriminatory replacement of authorized, U.S., and non-Hispanic employees.

22. The trend and blatant pattern was very disturbing, and this was despite Defendants having been investigated and admonished by federal immigration authorities previously in or about 2019.

23. Defendants nonetheless engaged in this brazen (continued) behavior in violation of numerous regulations, including but not limited to 8 U.S. Code § 1324a.

24. Plaintiff objected to this behavior of hiring or selective treatment based upon ethnicity/race to Defendants' management on numerous occasions.

25. In addition to a pattern/trend of hiring Hispanic and/or undocumented citizens, Defendants engaged in a pattern of hiring younger employees overall and engaging in a mission to get rid of the older employees at Defendants.

26. In the spring of 2022, Defendants had to slow or cease certain operations (on a temporary basis) within locations due to an Avian Flu outbreak.

27. This was used as the pretextual basis to get rid of the rest of the limited non-Hispanic (and non-illegal) older employees (for the most part) including Plaintiff via layoff.

28. This reason Defendants has set forth for Plaintiff's termination is pretextual because: (1) Defendants could have moved Plaintiff to different locations (as people were freely used at different locations as need); (2) Plaintiff was far more senior and experienced than others retained; (3) Defendants brought in an influx of Hispanic (and unlawful) help following Plaintiff's layoff for alleged lack of work (as well as transitioning people to the Maytown complex from other locations); (4) a Hispanic employee, Victor Rico, was hired five (5) days prior to the notice of layoffs, and upon information and belief was not laid off by Defendants; and (5) the Commonwealth of Pennsylvania's Department of Agriculture developed a program called the Highly Pathogenic Avian Influenza (HPAI) Recovery Reimbursement Grant which assisted farms like Defendant in financial losses for things including payroll.

29. Plaintiff believes and therefore avers that she was terminated because of: (1) her race, ethnicity, and/or national origin in lieu of Hispanics; (2) in retaliation for making complaints of race, ethnicity, and/or national origin discrimination; and (3) her age.

## COUNT I
### Violations of 42 U.S.C. Section 1981
- Against Both Defendants -
(Race Discrimination & Retaliation)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. In the last several years of Plaintiff's employment, Defendants had transitioned nearly its entire manual labor workforce to those of Hispanic ethnicity or race (specifically, those working in the chicken house and processing for Defendants).

32. Most of such Hispanic employees were undocumented noncitizens and/or unauthorized immigrants (and in other words, not authorized to work in the United States).

33. Defendant engaged in such racially targeted hiring directly and by and through a "temp agency" operated by an individual named "Felix" (last name unknown) to surreptitiously conceal the discriminatory replacement of authorized, U.S., and non-Hispanic employees.

34. The trend and blatant pattern was very disturbing, and this was despite Defendant having been investigated and admonished by federal immigration authorities previously in or about 2019.

35. Defendant nonetheless engaged in this brazen (continued) behavior in violation of numerous regulations, including but not limited to 8 U.S. Code § 1324a.

36. Plaintiff objected to this behavior of hiring or selective treatment based upon ethnicity/race to Defendant's management on numerous occasions.

37. Plaintiff was abruptly terminated on May 2, 2022 after almost 30 years of employment for pretextual reasons.

38. Plaintiff believes and therefore avers that her race/national origin/ethnicity was a motivating or determinative factor in Defendant's decision to terminate her on May 2, 2022.

39. Plaintiff also believes and therefore avers that she was terminated in retaliation for complaining of racial discrimination in advance of her termination.

40. These actions as aforesaid constitute discrimination and retaliation under Section 1981.

## COUNT II
### Violations of Title VII
### - Against Defendant Farms Only -
### (Racial Discrimination & Retaliation)

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. In the last several years of Plaintiff's employment, Defendants had transitioned nearly its entire manual labor workforce to those of Hispanic ethnicity or race (specifically, those working in the chicken house and processing for Defendants).

43. Most of such Hispanic employees were undocumented noncitizens and/or unauthorized immigrants (and in other words, not authorized to work in the United States).

44. Defendant engaged in such racially targeted hiring directly and by and through a "temp agency" operated by an individual named "Felix" (last name unknown) to surreptitiously conceal the discriminatory replacement of authorized, U.S., and non-Hispanic employees.

45. The trend and blatant pattern was very disturbing, and this was despite Defendant having been investigated and admonished by federal immigration authorities previously in or about 2019.

46. Defendant nonetheless engaged in this brazen (continued) behavior in violation of numerous regulations, including but not limited to 8 U.S. Code § 1324a.

47. Plaintiff objected to this behavior of hiring or selective treatment based upon ethnicity/race to Defendant's management on numerous occasions.

48. Plaintiff was abruptly terminated on May 2, 2022 after almost 30 years of employment for pretextual reasons.

49. Plaintiff believes and therefore avers that her race/national origin/ethnicity was a motivating or determinative factor in Defendant's decision to terminate her on May 2, 2022.

50. Plaintiff also believes and therefore avers that she was terminated in retaliation for complaining of racial discrimination in advance of her termination.

51. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT III
## Violations of the Age Discrimination in Employment Act ("ADEA")
### - Against Defendant Farms Only –
### (Age Discrimination)

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff is over the age of 40.

54. Plaintiff was treated disparately with respect to work, policies, and termination contrary to individuals substantially younger than her.

55. Plaintiff was abruptly and unfairly terminated on or about May 2, 2022 for pretextual and untrue reasons.

56. Upon information and belief, after Plaintiff was terminated, her work for Defendants has been performed by much younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

57. Therefore, Plaintiff believes and avers that she was terminated because of her advanced age.

58. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                Ari R. Karpf, Esq.
                Allison A. Barker, Esq.
                3331 Street Rd.
                Two Greenwood Square, Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Dated: December 1, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Mary Jo Miller<br>v.<br>Esbenshade, Inc. d/b/a Esbenshade Farms, et al. | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12/1/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 523 Indian Rock Circle, Elizabeth, PA 17022

Address of Defendant: 220 Eby Chiques Road, Mount Joy, PA 17552

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/1/2022  _____(signature)_____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/1/2022  _____(signature)_____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MILLER, MARY JO

### DEFENDANTS
ESBENSHADE, INC. D/B/A ESBENSHADE FARMS, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Allegheny
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment |  |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage |  | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise |  | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | | |
| 290 All Other Real Property | | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SECTION 1981 (42USC1981); TITLE VII (42USC2000); ADEA (29USC621)

Brief description of cause:
Violations of SECTION 1981, TITLE VII, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 12/1/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____